*ROBINSON & AL.* vs. *WILLIAMS.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiffs claim from the defendant $881 11 cents, balance of account for work and labor done, goods sold and delivered, &c., to Porter and Williams, between the 25th of September, 1822, and 7th of March, 1823.

The defendant pleads that he is not indebted to the petitioners either individually or as partner of the late firm of Porter & Williams; that on the contrary, upon a fair settlement, they are indebted to him in a larger amount, a detailed account of which will be exhibited when required, and which he pleads in compensation to any sum which it may appear is due to said plaintiffs, and if there be a balance due him, he prays judgment against them.

The jury found a verdict for the plaintiffs for $370, which, notwithstanding an application for a new trial, the court below confirmed. The petitioners appealed,

The reasons filed for a new trial, are directed to the incorrect conclusion drawn by the jury from the evidence, with the exception of one, which lays as the ground of the application, an

East'n District,
*June* 1825.

ROBINSON
& AL.
*vs.*
WILLIAMS.

Defendant cannot amend his answer without leave of the court, by inserting in it that he will make it more explicit if the plaintiff wish.
Compensation should be specially pleaded.

ROBINSON
& AL.
*vs.*
WILLIAMS.

error of the judge in admitting proof of the compensation pleaded in defendant's answer.

The answer as we have seen does not set out in what manner the compensation was effected, but states the defendant will set it out when required so to do. Before he was so required, he filed an account, without leave of the court or notice to the opposite party, setting out the different facts on which he alleged compensation had been made.

The plaintiffs state, that this paper was a nullity which they were not obliged to notice; that the defendant had no right to put it on file, without leave of the court, as, if any thing, it was an amendment to the pleadings.

The defendant insists, it was completing the answer, by exercising a right which he had reserved in it, of setting out specially the matters by which the compensation was effected. And that, even rejecting it, he was still at liberty to give these matters in evidence, on the plea of compensation.

We are of opinion the legality of admitting the evidence must be tested by the answer as originally put in. The account afterwards filed can be considered in no other light but an amendment to the pleadings which in our opin-

East'n. District.
*June* 1825.

ROBINSON
& AL.
*vs.*
WILLIAMS.

ion, could not be made, but by leave of the court after notice to the opposite party, or his attorney. Parties cannot change the pleadings or vary the issue, at any moment they please, before trial. The defendant's case is not made better by promising to make his answer more specific, if his adversary should call on him to do so. The plaintiffs had a right to claim the benefit of any defect, which the pleadings presented, without accepting the invitation of defendant, to call on them to amend them.

We think the answer did not authorise the evidence offered. It was presenting distinct matter to destroy the plaintiffs' demand. Notice should have been given of its nature, and amount, in order that the plaintiffs might come prepared to meet it. We know of no case, which calls more emphatically for an observance of this rule than that where compensation is pleaded: for, by law it takes place between mutual creditors *mero jure* without their knowledge. It may arise on a note, or any other evidence of debt assigned to the defendant, and it is impossible for the plaintiff to know, without a special plea, which of the debts he may have contracted is to be offered against him, whether it be not one that is otherwise

East'n. District.
June 1825.

ROBINSON
& AL.
vs.
WILLIAMS.

extinguished by payment, novation, presc rip-tion, &c.

In the present case, we see by the evidence, that the defence arises out of the imputed negligence of the plaintiffs,in not regularly protesting a note remitted them,and duly notifying the defendant. This should have been specially pleaded in the answer, in order that the petitioners,might have come prepared to show the circumstances, if any such there were, which would have excused the alleged neglect.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that this case be remanded to the district court with directions to the district judge, not to admit special matter in avoidance of the plaintiffs claim,under the answer filed in this cause; and, it is further ordered, adjudged and decreed, that the appellee pay the costs of this appeal.

*Smith* for the plaintiffs, *Hoffman* for the defendant.